

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:10cr262-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND JUDGMENT** |
| v. ) | **OF FORFEITURE** |
| ) | |
| DAVID BRADLEY WEBBER, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 922, 18 U.S.C. § 924(d), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One Wyoming Arms, model Park, 10mm pistol, serial number A01060;**

**One Colt, model 1849, 31 caliber revolver, serial number 285925;**

**One Taurus, model PT58S pistol, serial number KIC-13298;**

**One Smith & Wesson, model SW9VE pistol, serial number PDM5075;**

**One Sturm and Ruger, model Police Service-Six, .38 caliber revolver;**

**One Norinco, model 1911A1, pistol, serial number 303129;**

**One Winchester, model 1300, shotgun, serial number L2811286; and**

**Multiple rounds of assorted ammunition.**

2. The United States Marshal Service and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

5. Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset constitutes property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 922, 18 U.S.C. § 924(d), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
ROBERT JOHN GLEASON, ESQ.
Assistant United States Attorney

_____
DAVID BRADLEY WEBBER
Defendant

_____
PETER ADOLF, ESQ
Attorney for Defendant

Signed this the ____ day of May, 2011.

_____
UNITED STATES Magistrate JUDGE